BARRY E. HINKLE, Bar No. 071223
CONCEPCIÓN E. LOZANO-BATISTA, Bar No. 227227
TRACY L. MAINGUY, Bar No. 176928
RYAN B. KADEVARI, Bar No. 302957
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  bhinkle@unioncounsel.net
         clozano@unioncounsel.net
         tmainguy@unioncounsel.net
         rkadevari@unioncounsel.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING-RETRAINING/APPRENTICESHIP TRUST FUND FOR NORTHERN CALIFORNIA, <br><br>Plaintiffs, <br><br>v. <br><br>JS TAYLOR CONSTRUCTION, INC., <br><br>Defendant. | No. <br><br>**COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION (ERISA 29 U.S.C. §1001, ET SEQ., 29 U.S.C. §185)** |

Plaintiffs complain of Defendant, and for cause of action allege:

**JURISDICTION AND INTRADISTRICT ASSIGNMENT**

**I.**

This action arises under and is brought pursuant to section 502 of the Employee Retirement Income Security Act, as amended ("ERISA") (29 U.S.C. § 1132), and section 301 of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 185).  Venue properly lies in this

1
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

district court since contributions are due and payable in the County of San Francisco. Therefore, intradistrict venue is proper.

## PARTIES

II.

At all times material herein, Plaintiffs The Board of Trustees were Trustees of the Laborers Health and Welfare Trust Fund for Northern California (hereinafter "Welfare Fund"); Laborers Pension Trust Fund for Northern California (hereinafter "Pension Fund"); Laborers Vacation-Holiday Trust Fund for Northern California (hereinafter "Vacation Fund"); and Laborers Training-Retraining/Apprenticeship Trust Fund for Northern California (hereinafter "Training Fund," together with the Welfare Fund, Pension Fund and Vacation Fund, collectively referred to as "Trust Funds"). At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan created by a written Trust Agreement subject to and pursuant to section 302 of the LMRA (29 U.S.C. § 186), and a multi-employer employee benefit plan within the meaning of sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002, 1003 and 1132). Each of the above-named Trust Funds is administered by a Board of Trustees which may bring this action in the name of the Trust Funds pursuant to the express provisions of the Trust Agreements. All of the above named Trust Funds and their respective Board of Trustees shall hereinafter be designated collectively as "Plaintiffs."

III.

At all times material herein, JS Taylor Construction, Inc. (hereinafter referred to as "Defendant"), has been an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185).

**ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF**

IV.

At all relevant times, Defendant was signatory and bound to a written collective bargaining agreement with the Northern California District Council of Laborers (hereinafter "Union"), a labor organization within the meaning of section 301 of the LMRA (29 U.S.C. §

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

1   185). Defendant became subject to all the terms and conditions of the Laborers Master
2   Agreement (hereinafter "Master Agreement") by virtue of signing a Memorandum of Agreement
3   (hereinafter "Memorandum Agreement") with the Union, which incorporated by reference the
4   Master Agreement.  A true and correct copy of the Master Agreement for the period 2014 through
5   2019 is attached hereto as Exhibit "A," and a true and correct copy of the Memorandum
6   Agreement is attached hereto as Exhibit "B," both of which are incorporated by reference herein.
7   The Master Agreement by its terms incorporates the various Trust Agreements establishing each
8   of the Plaintiffs Trust Funds.  By said Master Agreement, Defendant promised that it would
9   contribute and pay to Plaintiffs the hourly amounts required by the Agreements for each hour paid
10  for or worked by any of its employees who performed any work covered by said Agreements, and
11  that it would be subject to and bound by all of the terms, provisions and conditions of the Trust
12  Agreements.

V.

14  The Agreements provide for prompt payment of all employers contributions to the Trust
15  Funds and provide for the payment of liquidated damages and interest on all delinquent
16  contributions, attorneys' fees, and other collection costs, and for the audit of the signatory
17  employer or employers' books and records in order to permit the Plaintiffs to ascertain whether
18  all fringe benefit contributions have been timely paid as required by the applicable labor
19  agreements and law.

**FIRST CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**
VI.

22  Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

VII.

24  Defendant has failed, neglected, or refused to make timely fringe benefit contributions as
25  required by the collective bargaining agreements and Trust Agreements and there is now due and
26  owing and unpaid to Plaintiffs contributions in the sum estimated to be at least $5,265.36;
27  liquidated damages and interest for contributions reported but not paid in the amount estimated to
28  be at least $1,540.93 for the period of July 2016 through September 2016; and contributions for

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

1  hours not reported in the amount estimated to be at least $5,321.20.

**VIII.**

Plaintiffs are the intended third-party beneficiaries of the Agreement, but Trust Fund contribution delinquencies are excluded from the arbitration provisions of the Agreement.

**IX.**

Plaintiffs have complied with all conditions on their part to be performed under the terms of the applicable agreements.

**X.**

Plaintiffs are entitled to reasonable attorneys' fees, interest, and other reasonable expenses incurred in connection with this matter due to Defendant's failure and refusal to pay all fringe benefit contributions due and owing pursuant to the terms of the applicable Labor Agreements, Trust Agreements, and ERISA section 502(g)(2) (29 U.S.C. § 1132(g)(2).

**SECOND CLAIM FOR RELIEF**
**(ACTUAL DAMAGES FOR BREACH OF CONTRACT)**

**XI.**

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

**XII.**

Defendant has failed, neglected and refused to make timely fringe benefit contributions as required by the applicable Collective Bargaining Agreements and Trust Agreements, and has caused Plaintiffs actual damages in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**(DAMAGES AND EQUITABLE RELIEF FOR BREACH OF FIDUCIARY DUTY)**

**XIII.**

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

**XIV.**

Defendant has failed, neglected or refused to make timely fringe benefit contributions to the Trust Funds as required by the applicable collective bargaining agreements and Trust Agreements.

//
//

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

### XV.

Defendant's neglect or refusal to make timely fringe benefit contributions and reports pursuant to the terms of the above-mentioned Agreements constitutes a violation of ERISA section 515 (29 U.S.C. § 1145).

### XVI.

Defendant, in agreeing to the terms and conditions of the aforementioned Trust Agreements, assumed a fiduciary duty to Plaintiffs, which required Defendant to submit timely and accurate reports of hours worked or amounts due, together with payments to the Trust Funds. Defendant exercised control over any contributions due, which are assets of Trust Funds, and Defendant was fiduciary as defined by ERISA section 3(21) (29 U.S.C. § 1002(21).

### XVII.

The actions of Defendant complained of herein constitute a violation of fiduciary duties as defined by ERISA, 29 U.S.C. §§ 1001, et seq.

### XVIII.

Unless enjoined by this Court, Defendant will continue to fail, neglect, or refuse to remit appropriate fringe benefit contributions to the Trust Funds and thereby cause Plaintiffs irreparable harm for which there exists no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
(AUDIT)

### XVIX.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

### XX.

Plaintiffs believe that additional amounts may be due and owing and also pray for an audit of Defendant's books and records for the period of March 2015 through the last completed quarter, to determine same.

**WHEREFORE**, Plaintiffs pray judgment against JS Taylor Construction, Inc., as follows:

1. That Defendant be ordered to pay contributions in the amount of $5,265.36, plus interest thereon;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

2. That Defendant be ordered to pay liquidated damages in the amount of $1,540.93, plus interest thereon;

3. That Defendant be ordered to pay contributions for hours not reported in the amount of $5,321.20;

4. That Defendant be ordered to pay actual damages according to proof;

5. That this Court issue an Order directing and permanently enjoining Defendant to timely submit to Plaintiff Trust Funds, all reports and contributions due and owing by Defendant plus interest, liquidated damages, attorneys' fees, and costs as provided in ERISA sections 502(a)(3) and (g)(2) (29 U.S.C. § 1132(a)(3), (g)(2);

6. That this Court issue an Order permanently enjoining Defendant for so long as it remains obligated to contribute to the Trust Funds, from failing, neglecting, or refusing to timely submit required monthly contributions reports and payments as required by the terms of the collective bargaining agreements, Trust Agreements and ERISA sections 502(a)(3) and (g)(2) (29 U.S.C. § 1132(a)(3), (g)(2));

7. That Defendant be ordered to pay attorneys' fees;

8. That Defendant be ordered to submit to an audit between Plaintiffs and Defendant for the period of March 2015 through the last completed quarter;

9. That Defendant be ordered to pay costs of suit herein;

10. That this Court grant such further relief as this Court deems just and proper; and

11. That this Court retain jurisdiction of this matter to enforce the Order compelling an Audit and payment of all amount found due and owing.

Dated: June 15, 2017            WEINBERG, ROGER & ROSENFELD
                                A Professional Corporation


                                    */s/ Concepcion E. Lozano-Batista*
                            By:  CONCEPCION E. LOZANO-BATISTA
                                 Attorneys for Plaintiffs

143394\918240

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

6
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.